Robert Dembia, Esq.
350 Broadway-Suite 1210
New York, New York 10013

[PM 5168]
COHEN, LEDER, MONTALBANO & GROSSMAN, L.L.C.
1700 Galloping Hill Road
Kenilworth, New Jersey, 07033
(908) 298-8800
Attorney for Plaintiffs

### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK
### WHITE PLAINS VICINAGE

| | |
|---|---|
| LOCAL UNION NO. 825, affiliated with the INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, And THE BOARDS OF TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING AND RETRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS FUND, and THE IUOE LOCAL 825 ANNUITY FUND, <br><br>Plaintiffs,<br><br>vs.<br><br>ULTIMATE LAND DEVELOPERS OF THE HUDSON VALLEY, INC. and ULTIMATE LAND DEVELOPERS, INC.<br><br>Defendants. | JUDGE BRIEANT<br>08 CV 1704<br>Civil Action No.<br><br><br><br>**COMPLAINT** |

Plaintiffs, LOCAL UNION NO. 825, AFFILIATED WITH THE INTERNATIONAL

UNION OF OPERATING ENGINEERS, AFL-CIO (hereinafter referred to as the "Local," or

"Local 825"), a labor union having its principal office at 65 Springfield Avenue, Springfield, N.J. 07081, and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING AND RE-TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS FUND, and THE IUOE LOCAL 825 ANNUITY FUND, (hereinafter referred to as the "Boards of Trustees"), having their principal offices at 65 Springfield Avenue, Springfield, N.J., 07081, by way of Complaint against Defendants, ULTIMATE LAND DEVELOPERS OF THE HUDSON VALLEY, INC. (hereinafter "ULTIMATE HUDSON") and ULTIMATE LAND DEVELOPERS, INC. (hereinafter "ULTIMATE DEVELOPERS," and both jointly referred to as "ULTIMATE") both having their principal office at 353 Avenue of the Americas, New Windsor, New York, 12553, hereby declare and state:

## JURISDICTION AND VENUE

1. This is an action for the violation of a Collective Bargaining Agreement between Local 825, a labor organization that represents employees an industries affecting interstate commerce. ULTIMATE is, and at all times relevant to this action has been an employer in an industry affecting interstate commerce.

2. This court has jurisdiction in this matter pursuant to the Employee Retirement Income Security Act of 1974 ["ERISA"], particularly 29 U.S.C. §§ 1132(a)(3) and 1145, and also § 301(a) of the Labor Management Relations Act (hereinafter referred to as the "LMRA"), 29 U.S.C. § 185. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue is properly laid in this district and this vicinage pursuant to Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c). The Defendant does business in this District and the counts alleged herein all occurred within this District.

## PARTIES

4. Plaintiff, Local 825, having its principal office at 65 Springfield Avenue, Springfield, N.J., 07081 and subsidiary offices at 6 Wesley Court, Middletown, New York 10941, is the sole and exclusive bargaining representative for a group of employees employed by Defendants ULTIMATE HUDSON. ULTIMATE DEVELOPERS is a subsidiary, affiliate, related company or alter-ego of ULTIMATE HUDSON.

5. Plaintiff, Local 825, brings this action on behalf of the Local Union and its members.

6. Plaintiffs, Boards of Trustees, having their principal offices at 65 Springfield Avenue, Springfield, New Jersey, 07081, manage and control:

    a. the International Union of Operating Engineers, Local 825 Pension Fund (hereinafter referred to as the "Pension Fund");

    b. the International Union of Operating Engineers, Local 825 Welfare Fund (hereinafter referred to as the "Welfare Fund");

    c. the International Union of Operating Engineers, Local 825 Apprenticeship Training and Re-Training Fund (hereinafter referred to as the "Training Fund");

    d. the International Union of Operating Engineers, Local 825 Supplemental Unemployment Benefit Fund (hereinafter referred to as the "SUB Fund");

  e.  the International Union of Operating Engineers, Local 825 Savings Fund (hereinafter referred to as the "Savings Fund"); and

  f.  the International Union of Operating Engineers, Local 825 Annuity Fund (hereinafter referred to as the "Annuity Fund")

(hereinafter collectively referred to as the "Funds"), which are funds established and maintained pursuant to the provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, (the "LMRA"), 29 U.S.C. Section 186(c)(5). The Funds are "employee benefit plans" within the meaning of Section 3(3) of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. Section 1002(3), and they are each "multi-employer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. Section 1002(37).

7. Plaintiff, Board of Trustees, brings this action on behalf of the Funds, their participants and beneficiaries.

8. Defendants, ULTIMATE HUDSON and ULTIMATE DEVELOPERS are both active Domestic Business Corporations duly licensed or permitted to transact business in the state of New York.

9. Defendant ULTIMATE HUDSON and Local 825 are, and at all times relevant to the issues addressed herein, have been signatories to a collective bargaining agreement (hereinafter referred to as the "Agreement") effective for the period July 1, 2007 through June 30, 2008.

10. The Agreement contains specific provisions regarding wages, hours, manpower referrals and staffing, manning and other working conditions for ULTIMATE HUDSON's employees in the bargaining unit represented by Local 825. The Agreement also contains specific provisions whereby ULTIMATE HUDSON agreed to staff all projects that use power-

driven equipment with Local 825 bargaining unit employees, as well as to secure referrals from the Local 825 Hiring Hall to perform all bargaining unit work, at any and all construction project sites at which ULTIMATE HUDSON works during the term of the collective bargaining agreement.

11. The address ULTIMATE HUDSON listed on the Agreement was "353 Avenue of the Americas, New Windsor, New York, 12253."

12. As a signatory to the Agreement, ULTIMATE HUDSON is obligated to make payment of wages and benefit contributions on behalf of employees in their employ who perform bargaining unit work pursuant to the terms and provisions of the agreement. Additionally, pursuant to the terms and provisions of the Agreement, ULTIMATE HUDSON is also obligated to pay the appropriate wage-rates and corresponding benefit contribution-rates on behalf of Hiring Hall registrants who, because of ULTIMATE HUDSON's actions, have been deprived of opportunities to perform bargaining unit work.

13. This Agreement provides that ULTIMATE HUDSON will agree to execute a Collective Bargaining Agreement with Local 825 covering any subsidiary corporation of any separate corporation engaged in construction work which ULTIMATE HUDSON or its officers have formed, may form or have a direct or indirect interest therein. Furthermore, the Agreement provides that all construction operations which involve the use of Operating Engineers will be done by companies having an Agreement with Local Union 825 and that ULTIMATE HUDSON shall not utilize subsidiary corporations or other corporations in which ULTIMATE HUDSON, or its officers, have a direct or indirect interest to engage in non-Union construction activities

with the effect of depriving Employees of ULTIMATE HUDSON, party to this Agreement, of work opportunities on the terms and conditions set forth in the Agreement.

14. This Agreement also provides that ULTIMATE HUDSON secure and post with the Funds a surety bond for the payment of employee benefits contributions.

## FIRST COUNT

15. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 14 as if set forth in full herein.

16. On or about October 15, 2008, ULTIMATE HUDSON hired Local 825 bargaining unit employees to perform work on a project on the Millennium Pipeline in Orange County, New York (hereinafter referred to as the "Project I"). At this time, ULTIMATE HUDSON was also employing Local 825 bargaining employees on a project at the Newburgh Fire Training Center (hereinafter referred to as "Project II").

17. Since beginning work on Project I and Project II, ULTIMATE HUDSON has failed to pay contractually obligated wages to Local 825 bargaining unit employees, and to assign all bargaining unit work to the Local 825 bargaining unit employees and Hiring Hall registrants as provided for in the Agreement.

18. Since beginning work on Project I and Project II, ULTIMATE HUDSON has failed to pay contractually obligated benefits contributions to the Local 825 Employee Benefits Funds, on behalf of Local 825 bargaining unit employees performing bargaining unit work, and for those Hiring Hall registrants who have lost work opportunity, as provided for in the Agreement.

19. The conduct above described violates the terms of the Agreement in effect between ULTIMATE and Local 825.

20. This is an action brought pursuant to § 301 of the LMRA, 29 U.S.C. § 185, to recover damages for breach of a collective bargaining agreement, and pursuant to ERISA, 29 U.S.C. Section 1132, to recover delinquent employee benefits contributions to the Funds.

21. As a result of the violations complained of, Local 825 Bargaining Unit Employees have been deprived of wages, and Local 825 has been deprived of union dues ULTIMATE HUDSON is obligated to remit pursuant to the terms of the Agreement.

22. As a result of the violations complained of, the Funds did not receive benefits contributions from ULTIMATE HUDSON on behalf of the individuals who performed bargaining unit work, as is required by the terms of the Agreement.

23. Demands by representatives of Local 825 upon ULTIMATE HUDSON to cease such violations and make the required payments to Local 825 referees/Bargaining Unit Employees and the Funds have been ignored and/or refused, and defendant ULTIMATE HUDSON thereby have indicated that it will continue to engage into the future of the actions complained of herein.

24. By reason of the foregoing, Local 825, and its members have suffered damages by way of unpaid wages, lost union dues, and the Funds have suffered damages by way of not receiving all required contributions from ULTIMATE HUDSON.

WHEREFORE, Plaintiffs, LOCAL UNION NO. 825, I.U.O.E., and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING and RE-TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS

FUND, and THE IUOE LOCAL 825 ANNUITY FUND, demand judgment against Defendant, ULTIMATE HUDSON:

    A.    Restraining and permanently enjoining Defendant from violating the Agreement;

    B.    Judgment in the amount of monetary damages for lost wages and union dues for all affected Local 825 Bargaining Unit Employees

    C.    Judgment for money damages in the amount of the contribution delinquency due and owing to the Boards of Trustees of the Funds as a result of the Defendant's actions

    D.    Pre-judgment interest;

    E.    Post-judgment interest;

    F.    Liquidated damages in the amount of twenty percent (20%) of the employee benefit fund contribution delinquency;

    G.    Reasonable attorneys fees and costs of suit; and

    H.    Such other relief as the court deems just and appropriate.

## SECOND COUNT

25. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 24 as if set forth in full herein.

26. On or about December 5, 2008, ULTIMATE HUDSON laid-off all bargaining unit employees in its employ. However, on or about January 28, 2008 ULTIMATE DEVELOPERS began work at the Marine Terminal at Stewart Airport in Newburgh, New York (herein referred to as "Project III") and proceeded to perform bargaining unit work, while failing to secure

manpower referrals from the Local 825 Hiring Hall to perform this bargaining unit work, as provided for in the Agreement.

27. As a result of ULTIMATE DEVELOPERS's failure to secure manpower referrals to perform this bargaining unit work, Hiring Hall registrants have been wrongly deprived of work opportunities and have lost wages and benefits.

28. Pursuant to the Agreement, ULTIMATE DEVELOPERS is obligated to make direct payment of wages, including overtime and holiday pay and contributions to the employees' fringe benefit funds for those employees who are performing work within the bargaining unit, and also on behalf of those Hiring Hall registrants who would have become bargaining unit employees if not for having been deprived of work because of the actions of ULTIMATE HUDSON and ULTIMATE DEVELOPERS.

29. Demands by representatives of Local 825 upon ULTIMATE to cease such violations and make the required wage, dues, assessments and benefits payments to Local 825 and to the Funds have been ignored and refused, and ULTIMATE DEVELOPERS thereby has indicated that it will continue to engage in the future in the actions complained of herein

30. Defendant ULTIMATE DEVELOPERS' actions has resulted in Local 825 Hiring Hall registrants being deprived of wages and benefits and Local 825 for the lost union dues and assessments that resulted from ULTIMATE DEVELOPERS' failure to secure manpower referrals to perform this bargaining unit work.

31. As a result of the violations complained of herein, the Funds have suffered damages that the Funds did not receive all of the contributions on behalf of the affected Local 825 Bargaining Unit Members who were deprived of work, as is required pursuant to the Agreement.

32. This is an action brought pursuant to § 301 of the LMRA, 29 U.S.C. § 185, to recover damages for breach of a collective bargaining agreement, and pursuant to ERISA, 29 U.S.C. Section 1132, to recover delinquent employee benefits contributions to the Funds.

33. Pursuant to ERISA, 29 U.S.C. Section 1132(g), the Funds are entitled to receive an award of interest on the delinquency amount, liquidated damages in the amount of twenty percent (20%) of the delinquency, reasonable attorneys fees and any other legal or equitable relief as the court deems appropriate.

34. By reason of the foregoing, Local 825, and its members have suffered damages by way of lost wages, lost union dues, and the Funds have suffered damages by way of not receiving all required contributions from ULTIMATE DEVELOPERS on behalf of bargaining unit employees performing bargaining unit work.

WHEREFORE, Plaintiffs, LOCAL UNION NO. 825, I.U.O.E., and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING and RE-TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS FUND, and THE IUOE LOCAL 825 ANNUITY FUND, demand judgment against Defendants, ULTIMATE HUDSON and ULTIMATE DEVELOPERS:

    A.    Restraining and permanently enjoining Defendants from violating the Agreement;

    B.    Judgment in the amount of monetary damages for lost wages, working assessments and union dues for all affected Local 825 Bargaining Unit Employees.

C. Judgment for money damages in the amount of the contribution delinquency due and owing to the Boards of Trustees of the Funds as a result of the Defendants' actions

D. Pre-judgment interest;

E. Post-judgment interest;

F. Liquidated damages in the amount of twenty percent (20%) of the employee benefit fund contribution delinquency;

G. Reasonable attorneys fees and costs of suit; and

H. Such other relief as the court deems just and appropriate.

### THIRD COUNT

35. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 34 as if set forth in full herein.

36. Pursuant to the Agreement, construction work performed by ULTIMATE HUDSON and those in its employ, in Delaware, Ulster, Sullivan, Orange, and Rockland Counties in New York, as well as the entire State of New Jersey, is deemed to be "Bargaining Unit Work," and therefore covered by the terms and provisions of this Agreement.

37. By virtue of this Agreement, ULTIMATE HUDSON is required to assign all Bargaining Unit Work to referees from the Local 825 Hiring Hall, and ULTIMATE HUDSON is likewise obligated to secure its manpower requirements from the Hiring Hall, and from no other sources.

38. ULTIMATE HUDSON has violated the Agreement by failing to apply its collective bargaining agreement with Local 825 to cover the work of ULTIMATE DEVELOPERS or

having Ultimate Developers sign a collective bargaining agreement, as Ultimate Developers is a subsidiary corporation engaged in construction work, and by failing to properly staff the projects of Ultimate Developers located in the above-mentioned geographical area with manpower secured from the Hiring Hall

39. Upon information and belief, since executing the Agreement, ULTIMATE DEVELOPERS has performed, and is presently performing Bargaining Unit Work on the Marine Terminal project at the Stewart Airport in Newburgh, New York and other locations, without securing its manpower requirements from the Hiring Hall.

40. Demands by representatives of Local 825 upon ULTIMATE DEVELOPERS to cease such violations, and to properly staff its projects with Hiring Hall registrants, have been ignored and refused, and ULTIMATE DEVELOPERS thereby has indicated that it will continue to engage in the future in the actions complained of herein.

41. As a result of the violations complained of herein, Hiring Hall registrants have suffered damages in that they have lost work opportunities with ULTIMATE HUDSON that they were entitled to, as provided for in the Agreement.

42. As a result of the violations complained of herein, Hiring Hall registrants have suffered damages in that they have lost wages, and Local 825 has suffered damages in that it has been deprived of union dues for this work.

43. As a result of the violations complained of herein, the Funds have suffered damages in that the Funds did not receive all of the contributions on behalf of the affected Hiring Hall registrants, as provided for in the Agreement.

44. Pursuant to ERISA, 29 U.S.C. Section 1132(g), the Funds are entitled to receive an award of interest on the delinquent amount, liquidated damages in the amount of twenty percent (20%) of the delinquency, reasonable attorneys fees, and any other legal or equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs, LOCAL UNION NO. 825, I.U.O.E., and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING and RE-TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS FUND, and THE IUOE LOCAL 825 ANNUITY FUND, demand judgment against Defendant, ULTIMATE HUDSON:

- A. Restraining and permanently enjoining Defendant from violating the Agreement;
- B. Judgment in the amount of monetary damages for lost wages and union dues for all affected Local 825 Bargaining Unit Employees.
- C. Judgment for money damages in the amount of the contribution delinquency due and owing to the Boards of Trustees of the Funds as a result of the Defendants' actions
- D. Pre-judgment interest;
- E. Post-judgment interest;
- F. Liquidated damages in the amount of twenty percent (20%) of the employee benefit fund contribution delinquency;
- G. Reasonable attorneys fees and costs of suit; and

H.    Such other relief as the court deems just and appropriate.

## FOURTH COUNT

45. Plaintiff repeats each and every allegation contained in paragraphs 1 through 44 as if set forth in full herein.

46. The Agreement between Local 825 and the Defendant ULTIMATE HUDSON incorporates by reference the terms of the trust indentures of the aforementioned Funds.

47. Pursuant to the aforementioned Agreement, and the terms of the trust indentures of the aforementioned Funds, ULTIMATE HUDSON and ULTIMATE DEVELOPERS are obligated to make contributions to the Funds in a prompt and timely manner at rates specified in the Agreement.

48. Defendants ULTIMATE HUDSON and ULTIMATE DEVELOPERS have failed and/or refused, and continue to fail and/or refuse to make contributions to the Funds on behalf of the affected Local 825 bargaining unit members as defined by the terms of the Agreement, resulting in contribution delinquencies.

49. Demands by representatives of Local 825 upon ULTIMATE HUDSON and ULTIMATE DEVELOPERS to cease such violations and make the required payments to the Funds have been ignored and refused, and ULTIMATE HUDSON and ULTIMATE DEVELOPERS thereby have indicated that they will continue to engage in the future in the actions complained of herein.

50. As a result of the violations complained of herein, the Funds have suffered damages in that the Funds did not receive all of the contributions on behalf of the affected Local 825

Bargaining Unit Members who have provided bargaining unit work for ULTIMATE HUDSON and ULTIMATE DEVELOPERS, as defined by the terms of the Agreement.

51. Pursuant to ERISA, 29 U.S.C. Section 1132(g), the Funds are entitled to receive an award of interest on the delinquency amount, liquidated damages in the amount of twenty percent (20%) of the delinquency, reasonable attorneys fees and any other legal or equitable relief as the court deems appropriate.

WHEREFORE, Plaintiffs, LOCAL UNION NO. 825, I.U.O.E., and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING and RE-TRAINING FUND, THE IUOE LOCAL 825 SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS FUND, and THE IUOE LOCAL 825 ANNUITY FUND, demand judgment against Defendants, ULTIMATE HUDSON and ULTIMATE DEVELOPERS:

    A.    Restraining and permanently enjoining Defendants from violating the Agreement;

    B.    Judgment in the amount of monetary damages for lost benefit contributions for all affected Local 825 bargaining unit members.

    C.    Judgment for money damages in the amount of the contribution delinquency due and owing to the Boards of Trustees of the Funds as a result of the Defendants' actions.

    D.    Pre-judgment interest;

    E.    Post-judgment interest;

F.  Liquidated damages in the amount of twenty percent (20%) of the employee benefit fund contribution delinquency;

G.  Reasonable attorneys fees and costs of suit; and

H.  Such other relief as the court deems just and appropriate.

## FIFTH COUNT

52. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 51 as if set forth in full herein.

53. In the Agreement signed between Local 825 and ULTIMATE HUDSON, ULTIMATE HUDSON listed its business address as 353 Avenue of the Americas, New Windsor, New Jersey, 12553. In its filings with the New York Department of State, Division of Corporations, in the section titled "[a]ddress to which DOS will mail process if accepted on behalf of the entity," ULTIMATE DEVELOPERS identifies its address as "353 Avenue of the Americas, New Windsor, New York, 12553."

54. During the period from October 1, 2007 through to present, and continuing, ULTIMATE HUDSON and ULTIMATE DEVELOPERS have operated out of the same business offices located at 353 Avenue of the Americas, New Windsor, New York, 12553. Additionally, ULTIMATE HUDSON and ULTIMATE DEVELOPERS received and continue to receive telephone and business correspondence at this single address, are significantly owned by common owners, are significantly managed by common managers, and share common supervisors, personnel, equipment, and administrative systems. Therefore, ULTIMATE DEVELOPERS is a subsidiary or related company of ULTIMATE HUDSON within the meaning of the terms of the collective bargaining agreement.

55. Alternatively, ULTIMATE DEVELOPERS is the alter-egos of ULTIMATE HUDSON, or these entities are in fact a single-employer within the meaning of the terms of the collective bargaining agreement and the law.

## FIFTH COUNT

56. Plaintiffs repeat each and every allegation contained in paragraphs 1 through 55 as if set forth in full herein.

57. ULTIMATE HUDSON, as signatory to the aforementioned Agreement with Local 825, is an employer participant in the Funds, and as a signatory employer is bound to the Fund Trust Indentures, which subject the employer to the resolutions, rules, and regulations of the Funds.

58. Pursuant to the Agreement, and to the resolutions, rules, and regulations of the Funds, contributing employers are obligated to secure and post with the Funds a fringe benefit surety bond.

59. ULTIMATE HUDSON has failed to and/or refuses to comply with this obligation.

60. As a result of the violation complained of herein, the Funds have suffered damages in that the Funds have been, and continue to be deprived of the economic security provided for by the fringe benefit surety bond, and therefore are subjected to risk of loss of the benefit contributions ULTIMATE HUDSON is obligated to submit, as provided for in the Agreement.

WHEREFORE, Plaintiffs, LOCAL UNION NO. 825, I.U.O.E., and THE BOARDS OF TRUSTEES OF INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 825 PENSION FUND, THE IUOE LOCAL 825 WELFARE FUND, THE IUOE LOCAL 825 APPRENTICESHIP TRAINING and RE-TRAINING FUND, THE IUOE LOCAL 825

SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, THE IUOE LOCAL 825 SAVINGS FUND, and THE IUOE LOCAL 825 ANNUITY FUND, demand judgment against Defendant, ULTIMATE HUDSON, as follows:

    A.    Restraining and permanently enjoining Defendant from violating the Agreement;

    B.    Reasonable attorneys fees and costs of suit; and

    C.    Such other relief as the court deems just and appropriate.

COHEN, LEDER, MONTALBANO
& GROSSMAN, L.L.C.
Attorneys for Plaintiffs

Dated: February 12, 2008

By: _____

PAUL A. MONTALBANO, ESQ.